10-4872-cv
Roncallo v. Sikorsky Aircraft

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                        *Circuit Judges*.
_____

JOHN RONCALLO,

                        *Plaintiff-Appellant*,

            - v -                        No. 10-4872-cv

SIKORSKY AIRCRAFT,

                        *Defendant-Appellee*.

_____

For Plaintiff-Appellant:        NORMAN A. PATTIS, ESQ., Bethany, Conn.

For Defendant-Appellee:        ALBERT ZAKARIAN, Day Pitney LLP, Hartford, Conn.


Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Roncallo appeals from an October 22, 2010 judgment of the

United States District Court for the District of Connecticut (Kravitz, *J.*) granting summary

judgment to Defendant-Appellee Sikorsky Aircraft ("Sikorsky") on Roncallo's Title VII claims

and dismissing Roncallo's state law claims.  We assume the parties' familiarity with the facts

and procedural history of the case.

We review a district court's grant of summary judgment *de novo*, drawing all factual

inferences in favor of the non-moving party.  *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d

101, 107 (2d Cir. 2008).  Summary judgment is appropriate "only if there is no genuine issue as

to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Allianz

Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).

For the first time on appeal, Roncallo argues that the district court ought to have analyzed

his discrimination claim under the framework set forth in *Price Waterhouse v. Hopkins*, 490 U.S.

228 (1989).[1]  "Although we may exercise discretion to consider waived arguments where

necessary to avoid a manifest injustice," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129,

133 (2d Cir. 2008) (per curiam), we conclude that the circumstances of this case, including that

Roncallo offers no explanation for his failure to raise this argument below, do not warrant such

an exercise of discretion.

The district court analyzed Roncallo's claims under the three-step burden-shifting

framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), concluding

---

[1] Under the *Price Waterhouse* analysis, "if the plaintiff establishes that a prohibited discriminatory factor played a 'motivating part' in a challenged employment decision, the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision anyway."  *Raskin v. Wyatt Co.*, 125 F.3d 55, 60 (2d Cir. 1997).  "This burden is greater than the level of proof necessary to make out a *McDonnell Douglas prima facie* case."  *De la Cruz v. N.Y.C. Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 23 (2d Cir. 1996).

that, assuming *arguendo* that he had made out a *prima facie* case of discrimination, Sikorsky's proffered reason for not filling Job Requisition No. 68047 was legitimate and non-discriminatory and that Roncallo had failed to show that the reason was pretexual.

At step one of the *McDonnell Douglas* analysis, the plaintiff must establish "a *prima facie* case of discrimination by showing that: '1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). "[A]fter a prima facie instance of discrimination has been identified, the burden shifts to the employer 'to articulate some legitimate, nondiscriminatory reason for the [action].'" *Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010) (per curiam) (quoting *McDonnell Douglas*, 411 U.S. at 802). "If the employer articulates such a reason, the plaintiff 'is given an opportunity to adduce admissible evidence that would be sufficient to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation.'" *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000)). The plaintiff should show "*both* that the [proffered] reason was false, *and* that discrimination was the real reason" for the adverse employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)) (internal quotation marks omitted).

We agree with the district court that, as Roncallo concedes, Sikorsky has satisfied its burden at the second step of the analysis. The record supports Sikorsky's explanation that Job

3

Requisition No. 68047, an "L4" management position, was closed without being filled because Roncallo's section was already over its allotment of L4s and Sikorsky was trying to reduce the number of these positions. We conclude that Roncallo has failed to adduce sufficient evidence from which a jury could find that this explanation was a pretext.

Roncallo also contends that the district court erred in concluding that he had failed to make out a *prima facie* case of retaliation. A retaliation *prima facie* case requires Roncallo to "show (1) that []he participated in an activity protected by Title VII, (2) that [his] participation was known to [his] employer, (3) that [his] employer thereafter subjected [him] to a materially adverse employment action, and (4) that there was a causal connection between the protected activity and the adverse employment action." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010). The determination of whether an employment action is "materially adverse" is an objective one; such an action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 555 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)) (internal quotation marks omitted). We conclude that, contrary to Roncallo's argument, a temporary move from an office to a cubicle, consistent with Sikorsky's office allocation policy with respect to L5s and L4s,does not constitute a materially adverse employment action.

We have considered Roncallo's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4